UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CHABAD OF KEY BISCAYNE, INC.,

    Plaintiff,

vs.

    Case No.. 1:21-cv-24043-DPG

SCOTTSDALE INSURANCE COMPANY,

    Defendant
_____/

## JOINT SCHEDULING REPORT AND FACTUAL STIPULATIONS

The Plaintiff, Chabad of Key Biscayne, Inc. ("Chabad") and Defendant, Scottsdale Insurance Company ("SIC"), pursuant to Local Rule 16.1(b) file their Joint Planning and Scheduling Report as follows (a proposed Scheduling Order is attached as Exhibit A):

The following persons participated in a Rule 26(f) conference on 12/14/21:

| Name: | Counsel for: |
|---|---|
| Erik D. Diener | Chabad |
| Joseph V. Manzo | SIC |

**1.** **A plain statement of the nature of the claim and any counterclaims, cross-claims, or third-party claim, including the amount of damages claimed and any other relief sought.**

Chabad alleges that SIC breached the parties' commercial property policy. The parties do not dispute the cause or amount of damage – $247,584.74 (actual cash value) in water damage caused by water overflowing or discharging from a drain line or sewer caused by a break in the line and resulting sag due to wear and tear, deterioration, and settling– but do dispute the amount recoverable under the policy. Chabad maintains that it is entitled to the full award (minus the deductible) under the policy. SIC maintains that benefits are limited to $5,000 under a coverage

extension and that the loss is excluded but for the extension. SIC paid the $5,000 amount prior to suit.

2. **A brief summary of the facts which are uncontested or which can be stipulated to without discovery.**

The parties do not dispute the cause or amount of damage – – $247,584.74 (actual cash value) in water damage caused by water overflowing or discharging from a drain line or sewer caused by a break in the line and resulting sag due to wear and tear, deterioration, and settling – but do dispute the amount recoverable under the policy. The parties agree that this is a legal issue for the Court to determine.

3. **A brief summary of the issues as presently known.**

   i. Chabad asserted a claim under the subject commercial property policy for water damage from drain overflow.

   ii. An appraisal panel set the damages amount at $247,584.74 (actual cash value.

   iii. SIC paid its $5,000 limit under the policy's Water Backup or Overflow of Sewers and Drains coverage extension.

4. **Whether discovery should be conducted in phases or limited to particular issues.**

The parties agree that, with the cause and amount of damage not in dispute and with policy interpretation being a legal issue for the Court, they do not need discovery.

5. **A detailed schedule of discovery for each party.**

   i. **Changes in timing, form or requirements under Rule 26(a):**
   None at this time.

   ii. **Completion of discovery:**

Case No. 1:21-cv-24043-DPG

    The parties agree with the above stipulations and legal issue laid out in the pleadings, they do not need discovery.

    iii. **Arrangement for Disclosures Required by Rule 26(a)(1):**

    The parties agree with the above stipulations and legal issue laid out in the pleadings, they do not need disclosures.

    iv. **Issues about disclosure or discovery of electronically stored information, including the form and forms in which it should be produced:**

    None.

    v. **Issues about claims of privilege or of protection as trial-preparation material, including - if the parties agree on a procedure to assert these claims after production - whether to ask the court to include their agreement in an order:**

    None.

    vi. **Whether changes should be made in the limitations on discovery under the Federal and Local Rules:**

    The parties stipulate that they did not need discovery.

    vii. **Other Orders Under Rule 16(b), (c) or 26(c):**

    None.

6. **Proposed deadlines for joinder of other parties and to amend the pleadings, to file and hear motions and to complete discovery.**

    i. **Join parties and amend pleadings:**

    The parties suggest that the parties join parties or amend their pleadings, if necessary, by 1/10/22.

    ii. **File and hear motions:**

    The parties propose that all dispositive motions and memoranda of law should be filed no later than 2/16/22.

    iii. **Complete mediation:**

Case No. 1:21-cv-24043-DPG

The parties propose conducting mediation on or before 3/31/22. Mediator to be determined.

    iv.    **Complete Discovery:**

The parties agree that this is a legal issue not requiring discovery.

7. **Proposed and approximate dates for final pre-trial conferences and trial.**

    i.    **Meeting prior to the pretrial stipulation and filing pretrial stipulation:**

The parties agree that this is a legal issue for the Court to determine, and therefore no jury trial is required.

    ii.    **Final pretrial conference:**

The parties propose holding the final pretrial conference on 8/1/22.

    iii.    **Final proposed findings of fact and conclusions of law**:

8/1/22.

    iv.    **Trial date:**

8/15/22.

8. **The projected time necessary for trial and a statement of whether the case is jury or non-jury trial.**

    i.    **Preliminary Estimate of Time Required for Trial:**

This action should be placed on the Court's expedited track due to the lack of discovery.

    ii.    **Jury v. Non-Jury Trial:**

Non-jury trial.

9. **A list of all pending motions, whether each motion is "ripe" for review, the date each motion became ripe, and a summary of the parties' respective positions with respect to each ripe motion.**

None at this time.

10. **Any unique legal or factual aspects of the case requiring special consideration by the Court.**

4

Case No. 1:21-cv-24043-DPG

There are no unique legal or factual aspects of the case presented at this time.

**11.     <u>Any potential need for references to a special master or magistrate.</u>**

There is no need for references to a special master or magistrate.

**12.     <u>The status and likelihood of settlement.</u>**

The parties will engage in discussions when appropriate. If a settlement is reached, the Court will be notified immediately.

**13.     <u>Such other matters as are required by Local Rule 16.1(B) and as may aid the Court in setting the case for status or pretrial conference and in the fair and expeditious administration and disposition of this action.</u>**

  i.    **Likelihood of Appearance of Additional Parties:**

  Unlikely at this time.

  ii.   **Proposals for the Formulation and Simplification of the Issues:**

  None at this time.

  iii.  **Necessity or Desirability of Amendments to Pleadings:**

  The parties do not anticipate amendment.

  iv.   **Possibility of Obtaining Admissions of Facts and Documents:**

  The cause and amount of damage is not in dispute. The parties coverage positions will be laid out in dispositive motions.

  v.    **Suggestions for Avoiding Unnecessary Proof and Cumulative Evidence:**

  None at this time..

  vi.   **Other Information that Might be Helpful to the Court in Setting the Case for Status or Pretrial Conference:**

  None at this time.

Case No. 1:21-cv-24043-DPG

Respectfully and joint submitted on January 5, 2022 by:

| | |
|---|---|
| ***Erik D. Diener*** | ***Joseph V. Manzo*** |
| Erik D. Diener, Esq. | Joseph V. Manzo, Esquire |
| Florida Bar No. 13410 | Florida Bar No. 52309 |
| service@dienerfirm.com | jmanzo@hinshawlaw.com |
| erik@dienerfirm.com | eriasgo@hinshawlaw.com |
| denise@dienerfirm.com | gbejel@hinshawlalw.com |
| THE DIENER FIRM, P.A. | HINSHAW & CULBERTSON LLP |
| 8751 W. Broward Blvd., Suite 404 | 2525 Ponce de Leon Blvd., 4th Floor |
| Plantation, FL  33324 | Coral Gables, FL  33134 |
| Telephone: 954-541-2117 | Telephone: 305-358-7747 |
| Facsimile: 954-541-2195 | Facsimile: 305-577-1063 |
| Counsel for Chabad | Counsel for SIC |

1046370\309715037.v1