UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CHABAD OF KEY BISCAYNE, INC.,      CASE NO. 1:21-CV-24043-DPG

    Plaintiff,

vs.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

### SIC'S REPLIES IN SUPPORT OF ITS SUMMARY FINAL JUDGMENT MOTION [DE 16] AND IN OPPOSITION TO CHABAD'S CROSS-MOTION [DE 20]

The Defendant, Scottsdale Insurance Company ("SIC"), replies in support of its summary final judgment [DE 16] and responds in opposition to the cross summary judgment motion [DE 20] filed by the Plaintiff, Chabad of Key Biscayne, Inc. ("Chabad"), and states:

### ARGUMENT

Chabad urges the Court to disregard three decisions directly on point, to ignore key terms of the policy, and to render superfluous the applicable coverage extension in order to award damage Chabad never paid to cover and SIC never agreed to cover.

The policy's Exclusions Section A.1., excludes coverage, regardless whether any other cause or event contributes concurrently, for damage caused by water discharge from a drain. *See* DE 17 ¶ 3; Exclusion B.1.g.(3). Chabad suffered water damage from a drain discharge. *See* DE 17 ¶ 3. Chabad agrees that the B.1.g.(3) exclusion applies. *See* DE 20, pgs. 3-4.

The policy then adds a coverage extension for water discharge from drains for up to $5,000. DE 17 ¶ 7. This coverage extension specifically deletes the B.1.g.(3) exclusion "for the

Case No. . 1:21-CV-24043-DPG

purposes of this extension only." *Id.* SIC paid this coverage in full, and Chabad does not argue that it is inapplicable. *See* DE 17 ¶ 9; DE 20.

There is a separate exclusions section, section B.2, which does not contain anti-concurrent cause language and excludes wear and tear but excepts certain water damage as an exception to the wear and tear exclusion. See DE 17 ¶ 5-6. Chabad argues that this exception applies and overrides the B.1.g.(3) exclusion. *See* DE 20. The exception, by its plain language, does not include water excluded under the B.1.g.(3) exclusion, however. If it did, it would say the exception applies to all provisions B.1.g water exclusion and not just a limited subset of them, and there would be no reason for the policy to include the applicable coverage extension.

The exception to the wear and tear exclusion states:

> ***But water damage does not include loss or damage otherwise excluded under the terms of the Water Exclusion****. . . .*
>
> To the extent that accidental discharge or leakage of water falls within the criteria set forth in **c.(1)** or **c.(2)** of this definition of "specified causes of loss," such water is not subject to the provisions of the Water Exclusion ***which preclude coverage for surface water or water under the surface of the ground***.

*See* DE 17 ¶ 6.

Chabad asks the Court to ignore the language "which preclude coverage for surface water or water under the surface of the ground" and apply it all provisions of the B.1.g. water exclusion. Three cases directly on point hold otherwise; that this exception applies to the B.1.g.(1) and B.1.g.(4) exclusions for surface water and water under the surface of the ground, but not the B.1.g.(3) exclusion for water from a drain discharge. *Raffell v. Scottsdale Ins. Co.*, No. 20-Civ-

2

Case No. . 1:21-CV-24043-DPG

21719, 2021 U.S. Dist. LEXIS 4843 (S.D. Fla. Jan. 8, 2021) (Judge Cecilia Altonaga); *Purdy Lane, Inc. v. Scottsdale Ins. Co.*, No. 20-Civ-80966, 2021 U.S. Dist. LEXIS 27417 (S.D. Fla. Feb. 11, 2021) (Judge Kenneth Marra); *1901 Holding, LLC v. Scottsdale Ins. Co.*, 2021 U.S. Dist. LEXIS 116642 (S.D. Fla. June 22, 2021) (Judge Rodney Smith).

Chabad claims that appellate courts have rejected these decisions, but this is simply untrue. The Court specifically distinguished the cases Chabad relies on – *Cameron* and *Cheetham* – in their decisions. *See Raffell*, 2021 U.S. Dist. LEXIS 4843, *18; *Purdy Lane*, 2021 U.S. Dist. LEXIS 27417, *16-17. As Judge Altonaga and Judge Marra explain, *Cameron* and *Cheetham* involved a different B.1.g.(3) exclusion which applies only to water off premises and under the surface of the ground and therefore falls within the exception. *Id.* As Judge Marra, citing Judge Altonaga, states:

> Plaintiff places reliance on the case of *Cameron* [citation omitted] to support its position. There, the Court held that the water damage exclusion "pertains to damage caused by water not originating from the residence premises' plumbing system even though the water or water-borne material eventually backs up through a pipe and/or drain within the plumbing system of the residence premises. *Cameron*, 726 F. Appx 757, 762. The policy at issue here, however, differs from the policy in *Cameron*. As explained in *Raffell* [citation omitted]:

> Unlike the policy in *Cameron* [ ], the Policy expressly defines "[d]rain" as any pipe, channel or conduit for carrying water, wastewater or sewage on or away from the premises . . . to a sewer[,]" establishing that damage caused by water, as used in subsection (3) of the Water Exclusion, includes water carried by drain pipes, channels, or conduits "on or away from" the Property. *See also* the Policy (defining "[s]ewer" as "any underground pipe, channel or conduit for carrying water, wastewater or sewage on or away from the premises.") The addition of the definitions of "drain" and "sewer" — and specifically, the language "on or away from the premises" — to the Water Exclusion is significant and serves to expand its scope, not keep it consistent with [ ] *Cameron's* interpretations

Case No. . 1:21-CV-24043-DPG

or narrow it. The policy in *Cameron* [is] not identical in all material respects to the Policy, and thus, [ ] fail[s] to persuade.

*Purdy Lane*, 2021 U.S. Dist. LEXIS 27417, *16-17; *citing Raffell*, 2021 U.S. Dist. LEXIS 4843, *18. In other words, it the B.1.g.(3) exclusion fell within the language of the exception, the exception would apply, but it does not because of the exclusion broadly defining drains and sewers.

Chabad then argues that the Court's decisions in *Raffell*, *Purdy Lane*, and *1901 Holding* render policy language unnecessary, but Chabad's argument would render irrelevant and essentially eliminate from the policy both the terms of the exception and the entire coverage extension. If the exception applies to all water excluded under the water exclusion, there is no reason for the exception to limit it to "provisions of the Water Exclusion *which preclude coverage for the surface water or water under the surface of the ground."* (emphasis added). *See* DE 17 ¶ 6. In addition, if the B.1.g.(3) exclusion does not apply, SIC had no reason to issue and Chabad had no reason to purchase the water damage extension which provides $5,000 in coverage and specifically deletes the B.1.g.(3) exclusion "for the purpose of this extension only." *See* DE 17 ¶ 7.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/ Joseph V. Manzo
**Joseph V. Manzo**
Florida Bar No. 52309
jmanzo@hinshawlaw.com
2525 Ponce de Leon Boulevard, 4th Floor
Coral Gables, Florida 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063

4

1046370\310349780.v1

Case No. . 1:21-CV-24043-DPG

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the March 22, 2022, I electronically filed the foregoing document with the Clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are authorized to receive electronically Notices of Electronic Filing.

/s/ Joseph V. Manzo
Joseph V. Manzo
