UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-CV-24043-GAYLES

**CHABAD OF KEY BISCAYNE INC.,**
    Plaintiff,
v.

**SCOTTSDALE INSURANCE COMPANY,**
    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Scottsdale Insurance Company's Motion for Summary Judgment ("Defendant's Motion") [ECF No. 16] and Plaintiff Chabad of Key Biscayne's Motion for Summary Judgment ("Plaintiff's Motion") [ECF No. 20]. The Court has reviewed the Motions and the record and is otherwise fully advised. For the reasons set forth below, Defendant's Motion is granted, and Plaintiff's Motion is denied.

## BACKGROUND[1]

This action is an insurance coverage dispute relating to the damage caused to an insured's property by deteriorated drain and sewer pipes.

**I.   The Loss and the Policy**

On April 16, 2020, Plaintiff's property suffered damage "when a drain or sewer pipe broke due to wear and tear, deterioration, and settling and water accidently discharged or leaked." [ECF No. 19 ¶ 3]. At that time, Defendant Scottsdale Insurance Company insured Plaintiff Chabad of

---

[1] The relevant undisputed facts are taken from Defendant's Statement of Undisputed Material Facts Supporting its Motion for Summary Final Judgment ("Defendant's SOMF") [ECF No. 17] and Plaintiff's Statement of Material Facts Filed in Support of Plaintiff's Motion for Summary Judgment ("Plaintiff's SOMF") [ECF No. 19]. The Court notes that Plaintiff failed to directly respond to Defendant's SOMF. However, there are no relevant factual differences between Defendant's SOMF and Plaintiff's SOMF. Moreover, Defendant admitted all of Plaintiff's undisputed material facts. [ECF No. 26].

1

Key Biscayne, Inc. under a commercial insurance policy (the "Policy"). [ECF No. 19-1]. The Policy provides coverage "for direct physical loss of or damage to Covered Property . . . caused by or resulting from any Covered Cause of Loss." [ECF No. 19-1 at 72]. As set forth below, coverage is limited by several exclusions including an exclusion for losses caused by water ("the Water Exclusion"). *Id*. at 90. The Policy also provides for limited exceptions to the Water Exclusion (the "Water Damage Exception"). *Id.* at 99. Finally, the Policy includes an extension of coverage up to $5,000 for loss caused by water back up or overflow of sewers or drains (the "Sewer Coverage Extension"). *Id.* at 62-63, 67-68. The relevant Policy language is as follows:

> B. Exclusions
>
>> 1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
>>
>> \* \* \*
>>
>> g. Water
>>
>>> (1) Flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind (including storm surge);
>>>
>>> \* \* \*
>>>
>>> **(3) Water that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment;**[2]
>>>
>>> (4) Water under the ground surface pressing on, or flowing or seeping through:
>>> (a) Foundations, walls, floors or paved surfaces;
>>> (b) Basements, whether paved or not; or
>>> (c) Doors, windows or other openings;

*Id.* at 90 (the "Water Exclusion") (emphasis added).

---

[2] Pursuant to the Policy, "'[s]ewer' means any underground pipe, channel or conduit for carrying water, wastewater or sewage on or away from the premises described in the Declarations [and] '[d]rain' means any pipe, channel or conduit for carrying water, wastewater or sewage on or away from the premises described in the Declarations to a 'sewer.'" [ECF No. 19-1 at 115].

> \* \* \*
>
> 2. We will not pay for loss or damage caused by or resulting from any of the following:
>
> \* \* \*
>
> d. (1) Wear and tear;
>
> (2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;
>
> \* \* \*
>
> (4) Settling, cracking, shrinking or expansion;
>
> \* \* \*
>
> But if an excluded cause of loss that is listed in 2.d.(1) through (7) results in a "specified cause of loss" or building glass breakage we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.

*Id.* at 90-92.

> \* \* \*
>
> G. Definitions
>
> \* \* \*
>
> 2. "Specified cause of loss" means the following: . . . water damage.
>
> \* \* \*
>
> c. Water damage means:
>
> (1) Accidental discharge or leakage of water or steam as the direct result of the breaking apart or cracking of a plumbing, heating, air conditioning or other system or appliance (other than a sump system including its related equipment and parts), that is located on the described premises and contains water or steam; and
>
> (2) Accidental discharge or leakage of water or waterborne material as the direct result of the breaking apart or cracking of a water or sewer pipe caused by wear and tear, when the pipe is located off the described premises and is connected to or is part of a potable water supply system or sanitary sewer system operated by a public or private utility service

>>provider pursuant to authority granted by the state or governmental subdivision where the described premises are located.
>
>>***But water damage does not include loss or damage otherwise excluded under the terms of the Water Exclusion***.
>
>>\* \* \*
>
>>To the extent that accidental discharge or leakage of water falls within the criteria set forth in c.(1) or c.(2) of this definition of "specified causes of loss," such water is not subject to the provisions of the Water Exclusion which preclude coverage for ***surface water*** or ***water under the surface of the ground***.

*Id.* at 99 (the "Water Damage Exception") (emphasis added).

>\* \* \*
>
>The following is added as an Additional Coverage to the CAUSES OF LOSS – SPECIAL FORM:
>
>>\* \* \*
>
>>7. Water Backup Or Overflow Of Sewers And Drains
>
>>>a. We will pay for direct physical loss or damage to Covered Property caused by or resulting from water that backs up or overflows or is otherwise discharged from a sewer, drain, sump or sump pump.
>
>>>**The most we will pay for this Extension is $5,000 at each described premises.**
>
>>>b. Under the CAUSES OF LOSS – SPECIAL FORM, subsection B. Exclusions, paragraph g.(3) (Water that backs up or overflows from a sewer, drain or sump) is deleted **for the purposes of this Extension only.**

*Id.* at 62-63, 67-68 (the "Sewer Coverage Extension") (emphasis added).

## II. The Loss and Resulting Litigation

Plaintiff sought coverage under the Policy. The parties then participated in an appraisal that set the actual cash value of Plaintiff's damages at $247,584.74. [ECF No. 19 ¶ 3]. Defendant contended that the bulk of the damages were excluded under the Water Exclusion and only covered $5,000 of the damage pursuant to the Sewer Coverage Extension.

4

On October 15, 2021, Plaintiff filed this action alleging Defendant breached the Policy by failing to pay the actual cash value (after the deductible and prior payment) of its damages. [ECF No. 1-1].[3] The parties have now filed cross motions for summary judgment.

## DISCUSSION

### I.   Summary Judgment Standard

Summary judgment, pursuant to Federal Rule of Civil Procedure 56(a), "is appropriate only if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a)) (internal quotation marks omitted). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no **genuine** issue of **material** fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). An issue is "genuine" when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004).

The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party

---

[3] Plaintiff filed the action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  On November 17, 2021, Defendant removed the action to this Court on the basis of diversity jurisdiction. [ECF No. 1].

must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).

## II.     General Principles of Insurance Policy Construction

Under Florida law, interpretation of an insurance policy is a question of law to be decided by the court. *Canal Indem. Co. v. Margaretville of NSB, Inc.*, 562 F. App'x 959, 961 (11th Cir. 2014). "Insurance contracts are construed according to their plain meaning, with any ambiguities construed against the insurer and in favor of coverage." *U.S. Fire Ins. Co. v. J.S.U.B., Inc.*, 979 So. 2d 871, 877 (Fla. 2007). "[I]f a policy provision is clear and unambiguous, it should be enforced according to its terms whether it is a basic policy provision or an exclusionary provision." *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005) (citation and internal quotation marks omitted). "If the relevant policy language is susceptible to more than one reasonable interpretation, one providing coverage and another limiting coverage, the insurance policy is considered ambiguous." *Garcia v. Fed. Ins. Co.*, 969 So. 2d 288, 291 (Fla. 2007) (quoting *Auto–Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000)). "Ambiguities in insurance contracts are interpreted against the insurer and in favor of the insured." *Id*. "A provision is not ambiguous simply because it is complex or requires analysis." *Id*.

## III.    Coverage Under the Policy

The parties do not dispute the underlying facts in this matter—a drain or sewer pipe broke due to wear and tear, deterioration, and settling, and water accidentally discharged or leaked causing damage to Plaintiff's property. Rather, the dispute is over how much coverage the Policy provides for this damage. The Court applies a burden-shifting framework when the parties dispute coverage and exclusions under a policy. If the insured establishes "a loss apparently within the terms of the policy, the burden shifts to the insurer to prove an exclusion applies." *Divine Motel*

*Group, LLC v. Rockhill Ins. Co.*, 655 F. App'x. 779, 782 (11th Cir. 2016) (internal quotation omitted). If the insurer establishes that an exclusion applies, the burden shifts back to the insured to prove an exception to the exclusion. *See id*. Here, the parties agree that (1) Plaintiff's loss is within the terms of the policy and (2) the Water Exclusion applies. However, the parties dispute whether the Water Damage Exception or Sewer Coverage Extension apply.

As an initial matter, the Court agrees with the parties that the Water Exclusion applies. Section B.1.g.(3) of the Water Exclusion unambiguously excludes the exact type of damage here—damage caused after a drain or sewer pipe breaks due to wear, tear, or deterioration and water leaks. The Water Damage Exception provides Plaintiff with no relief from that exclusion. However, Plaintiff is not barred from all recovery. The Sewer Coverage Extension deletes Section B.1.g.(3) of the Water Exclusion, only for purposes of the extension, and allows up to $5,000 in coverage for damage "otherwise discharged" from a "sewer [or] drain." This language is clear and unambiguous. "[A]fter the Water Exclusion takes away coverage for loss or damage caused . . . by '[w]ater that . . . is otherwise discharged from a sewer [or] drain . . .' the Water [Damage] Exception gives back coverage . . . But it only does so up to a limit of $5,000." *See Pinewood Condo Apt., Inc. v. Scottsdale Ins. Co.*, No. 21-cv-61596, 2022 WL 3108999, at *6 (S.D. Fla. Jul. 15, 2022) (interpreting nearly identical policy language), *report and recommendation adopted* 2022 WL 3098933, at *1 (S.D. Fla. Aug. 2, 2022). Accordingly, Plaintiff's coverage for the loss is limited to $5,000.

Plaintiff argues that its loss falls within the Water Damage Exception to the Water Exclusion and that the Sewer Coverage Extension is superfluous. As detailed above, the Policy's Water Damage Exception delineates a limited exception to the Water Exclusion:

> To the extent that accidental discharge or leakage of water falls within the criteria set forth in c.(1) or c.(2) of this definition of "specified causes of loss," such water

7

> is not subject to the provisions of the Water Exclusion which preclude coverage for ***surface water*** or ***water under the surface of the ground***.

*Id.* at 99 (emphasis added).

The Court finds that the Water Damage Exception is not applicable to the facts of this case. The Water Exclusion precludes in relevant part:

> B.1.g.(1): Flood, surface water, wave—i.e. Surface Water
>
> B.1.g.(3): Water discharged from a sewer or drain—i.e. Sewer or Drain Overflow
>
> B.1.g.(4): Water under the ground—i.e. Water under the Surface of the Ground.

*Id.* at 90. But, the Water Damage Exception only modifies the Water Exclusion for ***surface water*** (B.1.g.(1)) or ***water under the surface of the ground*** (B.1.g.(4)). Plaintiff's damage falls clearly under subsection B.1.g.(3) for damage from sewer or drain overflow. Accordingly, the Water Damage Exception to the Water Exclusion does not apply to Plaintiff's loss. *See 1901 Holding, LLC v. Scottsdale Ins. Co.*, No. 20-60865, 2021 U.S. Dist. LEXIS 116643, at *11-12 (S.D. Fla. Jun. 22, 2021) ("In other words, [the Water Damage Exception] provides an exception to only those provisions of the Water Exclusion that involve surface water or water under the surface of the ground. [It] does not modify or otherwise impact any provisions of the Water Exclusion that involve water or waterborne material that overflows or is otherwise discharged from a "drain."); *Purdy Lane, Inc. v. Scottsdale Ins. Co.*, No. 20-80966, 2021 WL 1053283, at * 6 (S.D. Fla. Feb. 11, 2021) (holding that the "exception or limitation on the Water Exclusion provision only applies to surface water (subsection 1 of the Water Exclusion) or water under the ground surface (subsection 4 of the Water Exclusion)"); *Raffell v. Scottsdale Ins. Co.*, No. 20-21719, 2021 U.S. Dist. LEXIS 4843, at *17 (S.D. Fla. Jan. 8, 2021) (holding that "the Water Exclusion's provisions that preclude coverage for either surface water . . . or water under the surface of the ground . . . do

not apply to 'accidental discharge or leakage of water that falls within the criteria set forth in . . . this definition of specified causes of loss.'").[4]

## CONCLUSION

Because Plaintiff's loss is excluded under the Water Exclusion, Plaintiff's only coverage under the Policy is the Sewer Coverage Extension covering up to $5,000 in loss or damage. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Scottsdale Insurance Company's Motion for Summary Judgment [ECF No. 16] is **GRANTED**, and Plaintiff Chabad of Key Biscayne's Motion for Summary Judgment [ECF No. 20] is **DENIED**.

2. The Court will enter a separate judgment.

3. This action is **CLOSED**, and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this Wednesday, September 28, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff urges this Court to rely on *Cheetham v. Southern Oak Ins. Co.*, 114 So. 3d 257 (Fla. 3d DCA 2013), and *Cameron v. Scottsdale Ins. Co.*, 726 F. App'x. 757 (11th Cir. 2018), to find that an exception to the Water Exclusion applies. Plaintiff's reliance on *Cheetham* and *Cameron* is misplaced. Unlike the policies in *Cheetham* and *Cameron*, the Policy expressly defines drain and sewer and includes the Coverage Extension. *See Raffell*, 2021 U.S. Dist. LEXIS 4843 at *13 ("The addition of the definitions of 'drain' and 'sewer'—and specifically, the language 'on or away from the premises'—to the Water Exclusion is significant and serves to expand its scope, not keep it consistent with *Cameron* and *Cheetham*'s interpretations or narrow it."); *see also Purdy Lane*, 2021 WL 1053283 at *6.